UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH L. ADDISON,                                    Case No. 17-11278

      Plaintiff                                    Robert H. Cleland
v.                                                    United States District Judge

SERVICES TO ENHANCE                                   Stephanie Dawkins Davis
POTENTIAL, WESTERN WAYNE, *et al*,                    United State Magistrate Judge

      Defendants.
_____/

## REPORT AND RECOMMENDATION
## MOTION FOR SUMMARY JUDGMENT (Dkt. 20)

## I.    PROCEDURAL HISTORY

Plaintiff, Joseph L. Addison, filed this employment discrimination action against Services to Enhance Potential, Western Wayne (STEP) and two of its employees, Meghan McGuire and David Bourque.  (Dkt. 1).  District Judge Robert H. Cleland referred this matter to the undersigned for all pretrial proceedings. (Dkt. 8).  On September 28, 2017, defendants McGuire and Bourque filed a motion for summary judgment.  (Dkt. 20).  After the Court entered an order to show cause (Dkt. 26) because plaintiff did not respond to the summary judgment motion as ordered, plaintiff filed a response on January 16, 2018.  (Dkt. 27).  On February 14, 2018, defendants filed their reply.  (Dkt. 28).  This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motion for summary judgment be **GRANTED** and that defendants Bourque and McGuire be **DISMISSED** from this action.

## II.   FACTUAL BACKGROUND

In the complaint, plaintiff, an African American man who suffers from depression, anxiety, cervical arthritis, asthma, GERD, along with cervical and lumbar radiculopathy, alleges a retaliation claim based on race and disability under Title VII.  (Dkt. 1).  Plaintiff says that his supervisor at STEP, Meghan McGuire, was disrespectful and condescending, and her tone of voice was inappropriate and discriminatory.  Plaintiff says that after he advised Ms. McGuire that he was going to file a complaint he was later falsely accused of being threatening.  He was then suspended by David Bourque from receiving services from STEP.  (Dkt. 1).

Plaintiff offers more details in the charge for retaliation based on race that he filed with the EEOC.  (Dkt. 32, Ex. G).  According to this document, on March 8, 2016, he asked Ms. McGuire if he could use the keys to open the restroom.  Her response was reportedly sarcastic and disrespectful.  Plaintiff says he walked away and after completing his job duties, he approached his supervisor and told her that her behavior was inappropriate and discriminatory.  Plaintiff also says that he threatened a complaint against her.  The next day, March 9, 2016, he learned that Ms. McGuire had filed a complaint against him falsely accusing him of being

2

threatening.  Plaintiff was suspended for five weeks and required to attend anger management at his own cost.  *Id.*  STEP filed a response to the EEOC charge (Dkt. 1, Pg ID 15-16) and the EEOC issued a right to sue letter on January 26, 2017. (Dkt. 1, Pg ID 10).

Defendants' brief in support of their motion for summary judgment fills in additional background facts.  STEP is a 501(c)(3) agency which assists over 1,300 persons with disabilities and other mental health needs throughout Wayne County. STEP offers a variety of support services to those it helps with the goal of assisting these individuals to endeavor to live a self-determined life.  (Dkt. 20, Ex. A, Affidavit of John Bourque).  Plaintiff was referred to STEP for assistance by Community Care Services, another non-profit provider of mental health services under the Detroit Wayne Mental Health Authority.  Because of the information plaintiff authorized STEP to receive, it was aware of his criminal and mental health history.  STEP completed a vocational assessment of Mr. Addison and provided him with a trial placement in a supported employment mobile work crew.  *Id*.

According to defendants, plaintiff exhibited problems respectfully interacting with coworkers.  On March 8, 2016, defendants maintain that plaintiff engaged in inappropriate behavior when he shouted at Ms. McGuire, his supervisor on that day. Ms. McGuire reported the incident to Mr. Bourque, STEP's Western Wayne Resource Center Director.  *Id*.  According to defendants, STEP was

concerned by the inappropriate nature of his conduct in this environment,

especially in light of the concerns recently highlighted in the vocational

assessment.  Given plaintiff's history of assault and the alleged verbal threatening

behavior, Mr. Bourque made the decision to suspend STEP's services to Plaintiff.

Ms. McGuire apparently had no role in this decision.  Plaintiff was advised of his

right to appeal this decision to the Detroit Wayne Mental Health Authority.  *Id.*

## III.   ANALYSIS AND CONCLUSION

### A.   Standard of Review

When a party files a motion for summary judgment, it must be granted "if

the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  "A party

asserting that a fact cannot be or is genuinely disputed must support the assertion

by: (A) citing to particular parts of materials in the record...; or (B) showing that

the materials cited do not establish the absence or presence of a genuine dispute, or

that an adverse party cannot produce admissible evidence to support the fact."

Fed.R.Civ.P. 56(c)(1).  The standard for determining whether summary judgment

is appropriate is "whether the evidence presents a sufficient disagreement to

require submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law."  *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d

433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242,

251-52 (1986)).  Furthermore, the evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co.*, *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  That is, the party opposing a motion for summary judgment must make an affirmative showing with proper evidence and must "designate specific facts in affidavits, depositions, or other factual material showing 'evidence on which the jury could reasonably find for the plaintiff.'"  *Brown v. Scott*, 329 F.Supp.2d 905, 910 (6th Cir. 2004).

In order to fulfill this burden, the non-moving party need only demonstrate the minimal standard that a jury could ostensibly find in his favor.  *Anderson*, 477 U.S. at 248; *McLean v. 988011 Ontario*, *Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  However, mere allegations or denials in the non-movant's pleadings will not satisfy this burden, nor will a mere scintilla of evidence supporting the non-moving party.  *Anderson*, 477 U.S. at 248, 251.

The Court's role is limited to determining whether there is a genuine dispute about a material fact, that is, if the evidence in the case "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Such a determination requires that the Court "view the evidence presented through the prism of the substantive evidentiary burden" applicable to the case. *Id.* at 254. Thus, if the plaintiff must ultimately prove its case at trial by a preponderance of the evidence, on a motion for summary judgment the Court must determine whether a jury could reasonably find that the plaintiff's factual contentions are true by a preponderance of the evidence. *See id.* at 252-53. Finally, if the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the movant is entitled to summary judgment. *Celotex*, 477 U.S. at 323. The Court must construe Rule 56 with due regard not only for the rights of those "asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury," but also for the rights of those "opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." *Id.* at 327.

      B.    <u>Defendants Bourque and McGuire are Not Amenable to Suit Under Title VII or the ADA.</u>

      Ms. McGuire and Ms. Bourque argue that they are individuals and not employers, and thus, neither of them can be held personally liable under Title VII or the ADA, citing *Hiller v. Brown*, 177 F3d 542, 546 (6th Cir. 1999) ("...supervisors, sued in their individual capacities, are not included within the statutory definition of 'employer' under Title VII and its sister civil rights statutes,

6

and accordingly cannot be held personally liable for discrimination."); and,

*Sullivan v. River Valley School Dist.*, 197 F.3d 804, 808 (6th Cir. 1999)

("Individual supervisors who do not independently qualify under the statutory

definition of employers may not be held personally liable in ADA cases.").  Ms.

McGuire also argues that she is not subject to any liability in this matter because

she played no role in the decision to suspend STEP's services to Plaintiff.  (Dkt.

20, Ex. A).  Plaintiff does not offer any substantive response to defendants'

motion, including their argument that he cannot pursue ADA or Title VII claims

against them in their individual capacities under binding Sixth Circuit precedent.

As recently explained in *Grace v. City of Lancaster Department of

Transportation*, 2018 WL 1851330, *2 (S.D. Ohio 2018), it is well-established that

Title VII and ADA claims may not be brought against a person in his or her

individual capacity.  In *Grace*, the court relied on *Wathen v. General Electric Co.*,

115 F.3d 400, 405 (6th Cir. 1997) (abrogated on other grounds by *Faragher v.

Boca Raton*, 524 U.S. 775, 788 (1998) and *Burlington Industries, Inc. v. Ellerth*,

524 U.S. 742, 765 (1998))[1], in which the Sixth Circuit held that "an individual

employee/supervisor, who does not otherwise qualify as an 'employer,' may not be

held personally liable under Title VII and similar statutory schemes."  Based upon

[1] *See Meadows v. Wahler Auto. Sys., Inc.*, 45 F.Supp.3d 645, 657 (E.D. Mich. 2014)
(Leitman, J.).

7

an examination of the statutory scheme and remedial provisions of Title VII, the

*Wathen* court concluded that Congress did not intend to provide for individual

employee/supervisor liability under the federal statute.  Rather, the court

determined that the term "agent" was included in the statutory language merely "to

incorporate *respondeat superior* liability into the statute."  *Comiskey v. Auto.*

*Indus. Action Grp. (A.I.A.G.)*, 40 F.Supp.2d 877, 890 (E.D. Mich. 1999) (Rosen, J.)

(citing *Wathen*, 115 F.3d at 406; *see also Henderson v. Enter. Leasing of Detroit,*

*LLC*, 2014 WL 1515828, at *1, n. 1 (E.D. Mich. Apr. 18, 2014) (Cleland, J.)

(Dismissing five individual defendants from ADA lawsuit based on *Wathen*.);

*Dumas v. Hurley Med. Ctr.,* 837 F.Supp.2d 655, 665 (E.D. Mich. 2011) (Cleland,

J.) ("Individual supervisors or coworkers are not personally liable under Title

VII.").  In *Wathen*, the Sixth Circuit also noted "[t]he liability schemes under Title

VII, the [Age Discrimination in Employment Act], and the ADA are essentially the

same in aspects relevant to this issue."  *Id*. at 404, n. 6.  Based on the foregoing

authority, defendants Bourque and McGuire cannot be liable under Title VII or the

ADA and the claims against them must be dismissed.  Given this conclusion, Ms.

McGuire's additional reason for seeking summary judgment need not be

addressed.

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants' motion for summary judgment be **GRANTED** and that defendants Bourque and McGuire be **DISMISSED** from this action.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and E.D. Mich. Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2); E.D. Mich. Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1,"

"Response to Objection No. 2," etc.  If the Court determines that any objections are

without merit, it may rule without awaiting the response.

Date: July 30, 2018                        s/Stephanie Dawkins Davis
                                           Stephanie Dawkins Davis
                                           United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on July 30, 2018, I electronically filed the foregoing paper with
the Clerk of the Court using the ECF system, which will send electronic
notification to all counsel of record and that I have mailed by United States Postal
Service to the following non-ECF participant: Joseph Addison, 15505 Oakbrook,
Romulus, MI 48174.

                                           s/Tammy Hallwood
                                           Case Manager
                                           (810) 341-7887
                                           tammy_hallwood@mied.uscourts.gov

10