UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH L. ADDISON, | Case No. 17-11278 |
| Plaintiff | Robert H. Cleland |
| v. | United States District Judge |
| SERVICES TO ENHANCE POTENTIAL, WESTERN WAYNE, *et al*, | Stephanie Dawkins Davis United State Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**MOTION FOR SUMMARY JUDGMENT (Dkt. 32)**

**I.     PROCEDURAL HISTORY**

Plaintiff, Joseph L. Addison, filed this employment discrimination action against Services to Enhance Potential, Western Wayne (STEP) and two of its employees, Meghan McGuire and David Bourque. (Dkt. 1). District Judge Robert H. Cleland referred this matter to the undersigned for all pretrial proceedings. (Dkt. 8). On September 28, 2017, defendants McGuire and Bourque filed a motion for summary judgment. (Dkt. 20). The undersigned recommended that defendants' motion for summary judgment be granted, which recommendation was adopted by the District Court. (Dkt. 25, 36). Currently before the Court is defendant STEP's motion for summary judgment. (Dkt. 32). Addison filed a

response on April 24, 2018. (Dkt. 34). This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant STEP's motion for summary judgment be **GRANTED**.

## II.   FACTUAL BACKGROUND

In the complaint, Joseph Addison, an African American man who suffers from depression, anxiety, cervical arthritis, asthma, GERD, and both cervical and lumbar radiculopathy, alleges a retaliation claim based on race and disability under Title VII. (Dkt. 1). Addison says that his supervisor at STEP, Meghan McGuire, was disrespectful and condescending, and that her tone of voice was inappropriate and discriminatory. Addison says that after he advised Ms. McGuire that he was going to file a complaint he was later falsely accused of being threatening. David Bourque then suspended him from receiving services from STEP. (Dkt. 1).

Addison offers more details in the charge for race-based retaliation that he filed with the EEOC. (Dkt. 32-8, Ex. G). According to the EEOC charge document, on March 8, 2016, he asked Ms. McGuire if he could use the keys to open the restroom. She responded sarcastically and disrespectfully. Addison walked away, and after completing his job duties, told his supervisor that McGuire's behavior was inappropriate and discriminatory. He also threatened to file a complaint against McGuire. The next day, March 9, 2016, he learned that

McGuire had filed a complaint against him in which she falsely accused him of being threatening. Addison was suspended for five weeks and required to attend anger management at his own cost. *Id*. STEP filed a response to the EEOC charge (Dkt. 1, Pg ID 15-16) and the EEOC issued a right to sue letter on January 26, 2017. (Dkt. 1, Pg ID 10).

STEP's brief in support of their motion for summary judgment fills in additional background facts. STEP is a 501(c)(3) agency that assists over 1,300 persons with disabilities and other mental health needs throughout Wayne County. STEP offers a variety of support services with the goal of assisting these individuals in their endeavor to live a self-determined life. (Dkt. 32-2, Ex. A, Affidavit of John Bourque). Community Care Services, another non-profit provider of mental health services under the Detroit Wayne Mental Health Authority, referred Addison to STEP for assistance. STEP was aware of Addison's criminal and mental health history based on the information plaintiff authorized to be disclosed. STEP completed a vocational assessment of Addison and provided him with a trial placement in a supported employment mobile work crew. *Id.*

According to STEP, Addison exhibited problems with respectfully interacting with coworkers. STEP maintains that Addison engaged in inappropriate behavior on March 8, 2016 when he shouted at McGuire, his

3

supervisor on that day. McGuire reported the incident to Bourque, STEP's Western Wayne Resource Center Director. *Id*. STEP was concerned by the inappropriate nature of his conduct in this environment, especially considering the issues that had been recently highlighted in his vocational assessment. Given Addison's history of assault and the alleged verbal threatening behavior, Bourque made the decision to suspend STEP's services to him. STEP advised Addison of his right to appeal this decision to the Detroit Wayne Mental Health Authority. *Id*.

### III.   ANALYSIS AND CONCLUSION

####   A.   Standard of Review

When a party files a motion for summary judgment, it must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record...; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d

433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 251-52 (1986)).  Furthermore, the evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co.*, *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  That is, the party opposing a motion for summary judgment must make an affirmative showing with proper evidence and must "designate specific facts in affidavits, depositions, or other factual material showing 'evidence on which the jury could reasonably find for the plaintiff.'"  *Brown v. Scott*, 329 F.Supp.2d 905, 910 (6th Cir. 2004).

In order to fulfill this burden, the non-moving party need only demonstrate the minimal standard that a jury could ostensibly find in his favor.  *Anderson*, 477 U.S. at 248; *McLean v. 988011 Ontario*, *Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  However, mere allegations or denials in the non-movant's pleadings will not satisfy this burden, nor will a mere scintilla of evidence supporting the non-moving party.  *Anderson*, 477 U.S. at 248, 251.

The Court's role is limited to determining whether there is a genuine dispute about a material fact, that is, if the evidence in the case "is such that a reasonable

5

jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Such a determination requires that the Court "view the evidence presented through the prism of the substantive evidentiary burden" applicable to the case. *Id*. at 254. Thus, if the plaintiff must ultimately prove its case at trial by a preponderance of the evidence, on a motion for summary judgment the Court must determine whether a jury could reasonably find that the plaintiff's factual contentions are true by a preponderance of the evidence. *See id.* at 252-53. Finally, if the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the movant is entitled to summary judgment. *Celotex*, 477 U.S. at 323. The Court must construe Rule 56 with due regard not only for the rights of those "asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury," but also for the rights of those "opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." *Id*. at 327.

   B. <u>Sufficiency of Plaintiff's Response</u>

  Addison's circumstances are analogous to those facing the court in *Faryen v. United Machining Inc.*, 2016 WL 5106975, *4 (E.D. Mich. Aug. 16, 2016), report and recommendation adopted, 2016 WL 4988255 (E.D. Mich. Sept. 19, 2016) (quoting *Barnes v. SRI Surgical Exp., Inc*. 2012 WL 1059935, *3 (E.D. Tenn.

2012)), where "the poor quality of Plaintiff's briefing has considerably complicated the Court's task." In *Faryen* the court observed that while the plaintiff did not fail to respond altogether, the response was "so deficient that an evaluation of the Court's responsibilities when presented with an unopposed dispositive motion" was appropriate. *Id*. at *4 (quoting *Barnes*, at *3). A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded; at a minimum, the court is required to examine the motion to ensure that the movant has met his initial burden. *Id*. (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). Even so, in the absence of a response, the court will not "sua sponte comb the record from the partisan perspective of an advocate for the non-moving party." *Id*. (quoting *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 410 (6th Cir. 1992)). "Rather, in the reasoned exercise of its judgment the court may rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted.'" *Id*. at *4 (quoting *Barnes*, at *3). If such evidence supports a conclusion that there is no genuine issue of material fact, the court will determine that the moving party has carried its burden, and "judgment shall be rendered forthwith." *Id*. (alteration omitted); s*ee also Norris v. Aryers*, 2016 WL 706238, *2 (E.D. Tenn. 2016); *Hicks v. Concorde Career Coll.*, 449 Fed. Appx.

7

484, 487 (6th Cir. 2011) (finding that "[t]he district court properly declined to consider the merits of [plaintiff's] claim because [plaintiff] failed to address it in ... his response to the summary judgment motion"); *Snyder v. Chrysler Group, LLC*, 2016 WL 3213388 (E.D. Mich. 2016) ("If an opposing party fails to properly address the factual assertions of the moving party, the court may 'consider the facts undisputed for the purposes of the motion' and 'grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it.'") (quoting Fed.R.Civ.P. 56(e)).

Because Addison is a *pro se* litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that the Court holds pleadings of *pro se* litigants to less stringent standards than formal pleadings drafted by lawyers)); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (*pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings). However, a party's status as a *pro se* litigant does not alter the duty on a summary judgment motion to support the party's factual assertions with admissible evidence. *Maston v. Montgomery Cnty. Jail Med. Staff Pers.*, 832 F.Supp.2d 846, 851-52 (S.D. Ohio 2011) (citing *Viergutz v. Lucent Techs., Inc.*, 375 Fed. Appx. 482, 485 (6th Cir. 2010)). When opposing a motion for summary judgment, a *pro se* party cannot rely on allegations or denials in unsworn filings. *Id*. (citing *Viergutz*, 375 Fed. Appx. at 485). Given

the nature of Addison's response to the motions for summary judgment, the Court is tasked with determining whether STEP has met its initial burden as required in *Faryen* and *Barnes*, *supra*.

C. <u>ADA</u>

STEP argues that it is entitled to summary judgment on Addison's ADA claims because he did not exhaust his administrative remedies. To pursue an ADA claim, a plaintiff must first exhaust administrative remedies. *Bullington v. Bedford Cty.*, --- F.3d ---; 2018 WL 4579692, at *1 (6th Cir. Sept. 25, 2018) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000), cert. denied, 533 U.S. 951 (2001)). To exhaust administrative remedies, a plaintiff must file a timely charge with the Equal Employment Opportunity Commission (EEOC). *Id.* (citing 42 U.S.C. § 2000e-5; 42 U.S.C. § 12117(a)); *see also Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010) ("As a general rule, a[n ADA] plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge.").

As STEP points out, Addison's charge of discrimination only mentions discrimination and retaliation claims under Title VII – not the ADA. (Dkt. 32-8, Ex. G). Indeed, in the portion of the charge setting forth the particulars, the narrative concludes with the statement, "I believe I have been retaliated against, suspended and required to attend anger management because of my participation in

9

a protected activity. (sic) In violation of Title VII of the civil Rights Act of 1964, as amended" and nothing else. *Id*. Moreover, Addison's response offers no rebuttal to the assertion that he did not include any ADA claims in his charge of discrimination. Thus, based on the evidence presented, the undersigned concludes that STEP has met its initial burden under the summary judgment standard, and is entitled to dismissal of plaintiff's ADA claims due to Addison's failure to exhaust administrative remedies.[1]

    D.    <u>Retaliation</u>

STEP further contends that plaintiff has not stated a *prima facie* case of Title VII retaliation. To establish a *prima facie* case of retaliation, a plaintiff must establish that: (1) he engaged in a protected activity under Title VII; (2) his "exercise of such protected activity was known by the defendant; (3) thereafter, the defendant took an action that was 'materially adverse' to the plaintiff; and (4) a causal connection existed between the protected activity and the materially adverse action." *Rogers v. Henry Ford Health Sys.*, 2018 WL 3629057, at *8 (6th Cir. July 31, 2018) (quoting *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014)). "Protected activity" includes "opposition" to unlawful employment discrimination and "participation" in investigations or proceedings involving

---

[1] Given this conclusion, the Court need not address the alternate grounds for summary judgment discussed by STEP in its brief as to plaintiff's ADA claim.

unlawful discrimination.  *Skrine v. Barrett Paving Materials*, 2015 WL 5214636, *13 (E.D. Mich. Sep. 4, 2015).  Addison's complaint does not involve the participation clause; rather, he claims he opposed unlawful discrimination.  Unlike the participation clause, "[t]he opposition clause protects not only the filing of formal discrimination charges with the EEOC, but also complaints to management and less formal protests of discriminatory employment practices."  *See Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014) (citation omitted); *see also Trujillo v. Henniges Auto. Sealing Sys. N. Am., Inc*., 495 Fed. Appx. 651, 655 (6th Cir. 2012) ("We have repeatedly held that complaints to human resources personnel regarding potential violations of Title VII constitute protected activity for purposes of establishing a prima facie case of retaliation.").  "Title VII does not protect an employee, however, if his opposition is merely a 'vague charge of discrimination.'"  *Yazdian v. ConMed Endoscopic Technologies, Inc*., 793 F.3d 634, 645 (6th Cir. 2015) (quoting *Booker v. Brown & Williamson Tobacco Co*., 879 F.2d 1304, 1313 (6th Cir. 1989).  "Although vague complaints do not constitute opposition, '*Booker* does not ... require that the plaintiff's complaint be lodged with absolute formality, clarity, or precision.'"  *Yazdian*, 793 F.3d at 645 (quoting *Stevens v. Saint Elizabeth Med. Ctr., Inc*., 533 Fed. Appx. 624, 631 (6th Cir. 2013)).

STEP argues that Addison cannot establish a *prima facie* case of retaliation because he does not identify any protected activity. Rather, he asserts that he was "falsely accused of being threatening" and suspended after he told McGuire that he was going to file a complaint with the Recipient Rights Division. STEP contends that Addison has failed to "establish that he challenged an employment practice that he reasonable believed was unlawful." *Yazdian*, 793 F.3d at 645. STEP argues that Title VII does not protect vague assertions of discrimination like Addison's claim that he was falsely accused of being threatening. *See Booker*, *supra*.

Addison does not specifically respond to the argument that he not did not engage in any protected activity. (Dkt. 34). The undersigned concludes that Addison's claim of protected activity does not constitute opposition to unlawful discrimination under Title VII. Addison claims that he accused his supervisor of being "inappropriate" and "discriminatory," and that he threatened to pursue a complaint against her on this basis. At his deposition and in his response to the first motion for summary judgment, Addison says that McGuire said "you know how you guys are" when releasing the keys to him for the restroom. (Dkt. 27, p. 1; Dkt. 32-4, p. 21). He explained in his deposition that he took this to be a race-related comment and even asked McGuire what she meant by that. (Dkt. 32-4, p. 21). According to McGuire, Addison claimed she was racist and threatened to

report her to the Recipient Rights Division of the Detroit Wayne County Mental Health Authority. (Dkt. 32-5, Ex. D).

Addison's complaint is virtually indistinguishable from the facts in *Booker*, which the court found to be insufficient to sustain a retaliation claim. In *Booker*, the plaintiff complained that his immediate supervisor had said, when referring to black people, "I don't know if these people can comprehend asset management." *Booker*, 879 F.2d at 1309. The Court concluded that this comment was limited to an isolated comment by a singular employee. Because of the narrowness of the circumstances, it could not be said that the plaintiff had opposed the "company's" employment practices. *See Booker*, 879 F.2d at ("Booker suggests that Pavona may be a racist due to a statement he allegedly made. However, the allegation is not that Brown & Williamson is engaging in unlawful employment practice, but that one of its employees has a racial intolerance."). Similarly, Addison's complaint is not that STEP engaged in an unlawful employment practice, which he opposed, but that McGuire was inappropriate and rude to him because of his race. He does not explain how McGuire's actions violated Title VII. Accordingly, his threat to report her conduct was not protected activity under the opposition clause.

Thus, even viewing the facts in the light most favorable to Addison, under the circumstances as set forth above, the factual basis for the alleged protected activity underlying plaintiff's Title VII retaliation claim does not rise to the level of

opposing an unlawful employment practice. As such, Addison cannot establish a *prima facie* case of Title VII retaliation, and summary judgment in STEP's favor is appropriate.[2]

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and E.D. Mich. Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and

---

[2] Given this conclusion, the Court need not address the other bases for STEP's motion for summary judgment relating to plaintiff's retaliation claims.

Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2); E.D. Mich. Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 27, 2018                    s/Stephanie Dawkins Davis
                                           Stephanie Dawkins Davis
                                           United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on November 27, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Joseph Addison, 15505 Oakbrook, Romulus, MI 48174.

                                           s/Tammy Hallwood
                                           Case Manager
                                           (810) 341-7887
                                           tammy_hallwood@mied.uscourts.gov